UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT WESLEY HUMPHREYS, <br><br> Plaintiff, <br><br> v. <br><br> LUKE BURGHER, et al, <br><br> Defendants. | CASE NO. 3:18-cv-05736-RJB-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: March 29, 2019 |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's motion for default judgment. Dkt. 14.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but has failed to plead or otherwise defend."

1       Here, plaintiff has filed a "motion for deflut [sic] judgement . . . pursuant to court order."

2 Dkt. 14, p. 1. He appears to be asking the Court to grant him default judgment pursuant to a

3 previous order from the Court, but it is unclear what order plaintiff is referencing. *Id*. Initially,

4 none of the orders this Court has issued in this case are binding on defendants. *See* Dkts. 5, 8, 11,

5 15. Further, the Court has not yet directed service of plaintiff's complaint on any defendants. As

6 such, no defendants have been required to appear and thus no defendants have yet been required

7 to plead or otherwise defend against this action. As such, default is premature at this time.

8       Therefore, the Court recommends that plaintiff's motion for default (Dkt. 14) be denied

9 without prejudice.

10       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

12 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

14 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

15 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29,**

17 **2019** as noted in the caption.

18       Dated this 12th day of March, 2019.

                                         J. Richard Creatura
                                         United States Magistrate Judge