UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT WESLEY HUMPHREYS,<br><br>                    Plaintiff,<br><br>      v.<br><br>LUKE BURGHER, et al.,<br><br>                  Defendants. | CASE NO. 3:18-cv-05736-RJB-JRC<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT |

Plaintiff Scott Wesley Humphreys, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges claims against several defendants, but plaintiff's complaint does not clearly explain how those actions violated plaintiff's constitutional rights. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by April 12, 2019, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff filed this action in September of 2018. Dkt. 1. After screening plaintiff's complaint, the Court directed plaintiff to show cause or file an amended complaint because plaintiff had failed to adequately show how any defendants personally participated in depriving him of his constitutional protections. Dkt. 8. Plaintiff filed his amended complaint in November of 2018, Dkt. 9, but the Court again ordered plaintiff to file an amended pleading because plaintiff had again failed to allege personal participation and had also named an arm of the state as a defendant, Dkt. 15. Plaintiff has now filed a second amended complaint, which again contains deficiencies. Dkt. 16.

**DISCUSSION**

Under the PLRA, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Applying these principles, plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint, as set forth below.

**I.    Failure to State a Claim**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is

therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff must then allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, plaintiff has provided a second amended complaint describing the actions of several defendants. However, he has not yet explained how those actions violated his constitutional rights. For example, plaintiff states that after he hit his head, "medical was can[c]eled," but does not explain who canceled medical or provide any description of his need to be seen by a medical provider except to state that he hit his head. Dkt. 16, p. 3. He alleges that defendant Jones "told [him] to follow [defendant Jones] to the counslors [sic] office the day after and the following day and tr[i]ed to make [plaintiff] [sign] papers, reliving [sic] all involved of ANY wrongdoing." *Id*. However, he has not provided a description of how that violated his constitutional rights or what wrongdoing defendants were allegedly being relieved from. *Id*. Similarly, he states defendant Jolly "put [plaintiff] in the Hole for fourteen days for putting a hat on backwards for 5 sec." *Id*. However, he again has not explained what constitutional right was violated or how defendant Jolly's actions infringed on plaintiff's rights.

Though the plaintiff has included a list of each defendant's name and a recitation of the constitutional amendments they allegedly violated, he has not connected those constitutional amendments with the actions that he alleges were unconstitutional. Dkt. 16, p. 3. For example, plaintiff states that "[defendant] Jones violated the Sixth, Eighth, and Fourteenth Amendments," with nothing more. *Id*. Similarly, he states that "[defendant] Lystad violated the Eight Amendment : [sic] substantial bodily harm = great bodily harm, and fourteenth amendment," but again provides nothing more. *Id*. A bare recitation of constitutional amendments, without factual

allegations that describe constitutional violations, is not sufficient for plaintiff to adequately state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Finally, plaintiff has included allegations that at least one defendant acted with deliberate indifference when she "failed to act on A FEDERAL COURT ORDER." Dkt. 16, p. 3. However, the Court does not understand what plaintiff is attempting to allege. Plaintiff's complaint is unclear how any defendants could have violated any Court order.

Thus, the Court finds plaintiff has failed to state a claim for which relief can be granted in his second amended complaint. Therefore, the Court declines to serve plaintiff's complaint at this time.

**II.     Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

all previous complaints, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the second amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before April 12, 2019**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 12th day of March, 2019.

J. Richard Creatura
United States Magistrate Judge