# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCOTT WESLEY HUMPHREYS,

    Plaintiff,

v.

LUKE BURGHER, et al.,

    Defendants.

CASE NO. 3:18-CV-5736-RJB-JRC

ORDER

Before the Court are several motions filed by plaintiff: (1) motion for discovery based on actions of defendants', discovery should be ripe ("motion for discovery") (Dkt. 24); (2) motion for deposition/amended complaint (Dkt. 37); (3) motion to appoint counsel (Dkt. 38); and (4) motion for depositions (Dkt. 39). The Court denies plaintiff's motions without prejudice. The Court also directs defendants to file the last known addresses of defendants Gilbert and Burgher under seal on or before July 18, 2019 so that the Clerk may attempt service. Plaintiff is directed to provide more specific information identifying defendant Corder under seal on or before July 18, 2019 so that defendants may identify defendant Corder and the Clerk may attempt service.

**1. Motion for Discovery (Dkt. 24), Motion for Deposition/Amended Complaint (Dkt. 37), Motion for Depositions (Dkt. 39)**

On May 10, 2019, plaintiff filed a motion for discovery, stating "the complaint is for continuing and ongoing violations[,]" "property for which relief is sought is in Grays Harbor[,]" and requesting the "motion be granted and further investigation prosist [sic] for current and ongoing violations[,]" "the complaint be granted, injuries should be considered 'permanent'[,]" "a favorable order[,]" and compensation and costs. Dkt. 24 at 1-2. Plaintiff filed two nearly identical motions on May 22, 2019, entitled "motion for deposition/amended complaint" (Dkt. 37) and on May 30, 2019, entitled "motion for depositions" (Dkt. 39).

Defendants responded, arguing that it is unclear what relief plaintiff seeks, but to the extent plaintiff seeks to file an amended complaint, he may amend his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). Dkts. 40, 41. Defendants also argue depositions do not require a motion, so they object to any relief regarding depositions. *See id.*

To the extent plaintiff seeks to amend his complaint, plaintiff's motions do not contain any factual allegations against any of the named defendants. *See* Dkts. 24, 37, 39. Thus, the relief sought is not clear. If plaintiff does intend to file an amended complaint, Federal Rule of Civil Procedure 15(a) permits a party to amend his complaint once as a matter of course within 21 days after receiving a responsive pleading. Defendants have not yet filed an answer to the current operative third amended complaint (Dkt. 21). *See* Dkt. Therefore, plaintiff does not need to seek an order from the Court requesting permission to file an amended complaint at this time. Accordingly, the Court denies plaintiff's motions (Dkts. 24, 37, 39) without prejudice. If plaintiff intends to file an amended complaint, the amended complaint would serve as a complete

substitute for his existing complaint. The Clerk is directed to send a form for a 42 U.S.C. § 1983 complaint and plaintiff is urged to follow this format if he chooses to file an amended complaint.

To the extent that plaintiff is attempting to serve discovery through the Court, discovery requests should be served directly on the parties, and "must not be filed until they are used in the proceedings or the court orders filing." Local Rule 5(b). Here, the Court has not ordered discovery requests be filed and plaintiff is not required to file a motion requesting depositions. Moreover, the Court does not enter scheduling orders or discovery orders until an answer is filed. Thus, insofar as plaintiff requests service or the production of any discovery, the motions (Dkts. 24, 37, 39) are denied as premature and without prejudice.

**2. Motion to Appoint Counsel (Dkt. 38)**

On May 30, 2019, plaintiff filed a motion to appoint counsel. Dkt. 39. Defendants filed a response on June 7, 2019. Dkt. 41.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Despite plaintiff's assertion that he needs counsel, plaintiff has not demonstrated that exceptional circumstances exist in this case. Because the case is still in its early stages, the Court cannot yet determine plaintiff's likelihood of success on the merits. However, at this time, plaintiff has not shown, nor does the Court find, that this case involves complex facts or law. Plaintiff's third amended complaint focuses on an incident where plaintiff alleges that he received inadequate medical treatment when he fell off his bed in his cell and allegations related to access to the courts. Dkt. 21. Though these issues can be complex, they are not yet so complex as to be beyond plaintiff's ability to litigate. In addition, plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, plaintiff followed the Court's instructions in its orders to show cause and clearly articulated his claims in his third amended complaint. Dkts. 8, 15, 20, 21, 23. Therefore, the Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Therefore, the Court denies plaintiff's motion to appoint counsel (Dkt. 39) without prejudice.

**3. Waivers of Service**

On April 18, 2019 the Court directed service of plaintiff's third amended complaint. Dkt. 23. Waivers of service were due May 28, 2019. *See* docket entry dated April 18, 2019. To date, defendants Gilbert, Corder, and Burgher have not returned waivers of service. *See* Dkt. Defense counsel has not appeared on behalf of defendants Gilbert, Corder, or Burgher. *See* Dkt. On June 17, 2019, defense counsel filed a notice stating counsel is unable to determine the identify of defendant Corder, and defendants Gilbert and Burgher are no longer employees of the Department of Corrections. Dkt. 43. Defense counsel provided that the Washington State Attorney General's Office is unable to waive service on behalf of defendants Corder, Gilbert, and Burgher. *Id.*

The court has no jurisdiction over defendants Gilbert, Corder, and Burgher until they have been properly served under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Rule 4(c)(2), the Court may order that personal service be made by a United States marshal. However, in this district, the marshals do not attempt personal service upon a defendant unless mail service is unavailing. *See* Local Rule 4(c).

If defendants are in possession of the last known business or residential address of defendants Gilbert and Burgher, defendants are ordered to submit such addresses to the Court **under seal on or before July 18, 2019** so that the Clerk may attempt to effect service. This solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state; and (2) reducing the problems prisoners sometimes encounter when they are attempting to access information through the government. *Sellers v. United States*, 902 F.2d 598, 602-603 (7th Cir. 1990).

Because defendants are unable to determine the identity of defendant Corder, plaintiff is directed to file a response to this order providing as much identifying information as possible with respect to defendant Corder, including defendant Corder's full name, position, location of work, and/or any other information which will allow defendants to identify defendant Corder and the Clerk to effectuate service. Plaintiff shall provide this information **under seal** or show cause why he cannot more specifically identify defendant Corder on or before July 18, 2019.

Defendants Gilbert, Corder, and Burgher may also satisfy this order by filing a waiver and by having counsel enter a notice of appearance on his or her behalf. All service documents with said addresses shall also be filed under seal.

Dated this 19th day of June, 2019.

*J. Richard Creatura* (signature)

J. Richard Creatura
United States Magistrate Judge


J. Richard Creatura
United States Magistrate Judge