UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Scott Wesley Humphreys,

        Plaintiff,

v.

Burgher, et al.,

        Defendants.

CASE NO. 3:18-cv-05736-RJB-JRC

ORDER ON MOTION FOR PROTECTIVE ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983. Presently pending before the Court is plaintiff's motion for protective order. Dkt. 54. Defendants filed a response. Dkt. 55.

In the motion, plaintiff states "[t]his motion is pursuant to the equal protection clause of the Fourteenth Amendment." Dkt. 54 at 1. Plaintiff states that he was threatened with a transfer. It appears that plaintiff is requesting a protective order to prevent defendants from transferring him to another facility. Dkt. 54. Attached to his motion, plaintiff filed grievances related to a disciplinary hearing on June 11, 2019. Dkt. 54 at 3-5.

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue

ORDER ON MOTION FOR PROTECTIVE ORDER
- 1

burden or expense[.]" Fed. R. Civ. P. 26(c); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285–86 (S.D. Cal. 2000).

Discovery has not yet started in this case, and currently pending before the Court is defendants' motion to dismiss. *See* Dkt. 44. In the motion, plaintiff does not allege any facts which would warrant a protective order. Dkt. 54. There appears to be no relationship between plaintiff's complaint in this case and his request for protective order. Therefore, at this time, the Court that the motion is premature.

The Court also notes that prisoners have no liberty interest in avoiding being transferred to another prison, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and it appears that the allegations in his motion and attached grievances arose after he filed this lawsuit and are not related to this matter, *see* Dkt. 21. To the extent that plaintiff attempts to raise a new constitutional claim, plaintiff is advised that if he seeks to raise claims that occurred after he filed this case, he must file a separate complaint.

Accordingly, plaintiff's motion for protective order (Dkt. 54) is denied without prejudice.

Dated this 5th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER ON MOTION FOR PROTECTIVE ORDER
- 2