# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Scott Wesley Humphreys,

        Plaintiff,

v.

Luke Burgher et al,

        Defendants.

CASE NO. 3:18-cv-05736-RJB-JRC

ORDER

    Plaintiff Scott Wesley Humphreys, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint under 42 U.S.C. § 1983. Presently pending in this action is defendants' motion for a more definite statement ("motion"). Dkt. 62. The Court concludes that the allegations in the fourth amended complaint are vague and ambiguous, and the fourth amended complaint improperly attempts to incorporate by reference prior complaints. Therefore, the Court grants defendants' motion. Plaintiff is required to file an amended complaint within 14 days of the date of this order that does not incorporate by reference any previously submitted complaints

or documents and states the actual factual allegations against each of the defendants for which plaintiff requests relief.

The Court will address the motion to dismiss filed by defendants Cotton, Jones, Sharp, Thrasher, and Walden (Dkt. 63) in a separately filed report and recommendation.

**BACKGROUND**

On August 7, 2019, the undersigned entered a report and recommendation granting in part and denying in part defendants' motion to dismiss. Dkt. 57. The undersigned recommended that plaintiff be granted leave to amend his complaint with respect to the following claims:

> is granted leave to amend his complaint on or before [DATE] with respect to plaintiff's claims against: (1) defendant Burgher for sexual harassment; (2) defendant Bennett for sexual harassment and violations of plaintiff's right to access to the courts and equal protection; (3) defendant Lystad for violations of the Eighth Amendment related to plaintiff's medical treatment; (4) defendant Jolly for due process violations; (5) defendant Sharpe for violations of access to the courts; (6) defendants Cardwell, Casey, Gilbert, Haynes, Jones, Burgher, and Tornquist for failure to protect; (7) defendant Haynes and Gilbert for supervisory liability; and (8) defendants Thrasher, Cotton, Corder, and Walden for any constitutional violations cognizable under § 1983.

Dkt. 57, 57-1.

On August 26, 2019, prior to District Judge Bryan's ruling on the report and recommendation, plaintiff filed a proposed fourth amended complaint. Dkt. 59. On September 16, 2019, District Judge Robert J. Bryan adopted the undersigned's report and recommendation on defendants' motion to dismiss. Dkt. 60. District Judge Bryan also determined that plaintiff's fourth amended complaint was now the operative complaint in this matter. Dkts. 60, 61.

On October 1, 2019, defendants filed the motion for a more definite statement requesting that plaintiff be directed to file an amended complaint. *See* Dkt. 62. The same day, defendants Cotton, Jones, Sharp, Thrasher, and Walden filed a motion to dismiss. Dkt. 63. On October 14, 2019, plaintiff filed a proposed fifth amended complaint. Dkt. 64.

## DISCUSSION

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). If a pleading is so vague or ambiguous a defendant "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Defendants are required to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

In their motion, defendants request that the Court direct plaintiff to file another amended complaint that does not incorporate by reference any previously submitted complaints or documents and states the actual factual allegations against each of the defendants for which plaintiff requests relief. Dkt. 62.

First, defendants maintain that plaintiff has attempted to incorporate by reference facts from a previous complaint. *See* Dkt. 61 at 6, 8-9, 11. An amended pleading operates as a complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996) (quoting *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987)). Therefore, plaintiff is required to amend his complaint and is instructed not to attempt to incorporate by reference or join any prior complaints with his amended complaint.

1  Second, defendants maintain that they are unable to properly respond to the fourth
2  amended complaint because the allegations in the fourth amended complaint are conclusory and
3  not causally connected to defendants. Dkt. 62 at 3. To state a claim under 42 U.S.C. § 1983,
4  plaintiff must allege facts showing how a defendant caused or personally participated in causing
5  the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*,
6  637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when
7  committing an affirmative act, participating in another's affirmative act, or omitting to perform
8  an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
9  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844
10 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege
11 the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489
12 U.S. 378, 385-90 (1989).

13     Plaintiff generally contends that defendants violated his constitutional rights, however,
14 plaintiff only provides vague allegations. *See* Dkt. 61. The Court finds that defendants cannot
15 reasonably prepare a response to the fourth amended complaint because the allegations are
16 overly vague and ambiguous regarding how defendants' actions violated plaintiff's rights.
17 Therefore, the Court finds that plaintiff must provide a more definite statement. *See Papas v.*
18 *Bercovici*, 2008 WL 2687441, *6 (D. Ariz. July 2, 2008) ("the Court may entertain a motion for
19 a more definite statement of a pleading that is so vague or ambiguous that the responding party
20 cannot reasonably prepare a response").

21     The Court notes that plaintiff filed a proposed fifth amended complaint after defendants
22 filed this motion for a more definite statement, and before the Court ruled on the motion. *See*
23 Dkt. 64. In the proposed fifth amended complaint, it appears that plaintiff attempts to clarify his
24

allegations but also seeks to incorporate his prior complaints. *See* Dkt. 63. In abundance of caution, the Court will not consider the proposed fifth amended complaint at this time and instead, grants plaintiff an additional 14 days from the date of this order to file another amended complaint that complies with this order.

Plaintiff's amended complaint must comply with Federal Rule of Procedure 8. Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

In an amended complaint, plaintiff need only provide a short and plain statement of the claims showing that he is entitled to relief. Plaintiff should list his factual allegations according to the claims he is asserting rather than referencing factual allegations made in prior complaints. Plaintiff should clearly label his claims and address them in a sequential fashion. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and *it may not incorporate any part of the prior complaints by reference*. The amended complaint will act as a complete substitute for the original complaint and any amended complaints and not as a supplement. The prior complaints and any filings attempting to add claims to the prior complaints will not be considered.

In addition, to avoid dismissal for failure to state a claim, plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007). A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Plaintiff's amended complaint is limited to 20 pages including exhibits, unless plaintiff can show good cause for additional pages.

And lastly, as District Judge Bryan noted, plaintiff has had numerous opportunities to amend his complaint in this matter and has now filed five amended complaints seeking similar relief. *See* Dkt. 60. If plaintiff fails to comply with this order, the Court may recommend dismissal of this case for failure to follow a Court order.

CONCLUSION

Based on the above stated reasons, defendants' motion (Dkt. 62) is granted. Plaintiff is ordered to file an amended complaint within 14 days of the date of this order. The Clerk is directed to send plaintiff a 42 U.S.C. § 1983 civil rights complaint form.

Dated this 5th day of November, 2019.

J. Richard Creatura
United States Magistrate Judge