UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT W. HUMPHREYS,

               Plaintiff,

     v.

LUKE BURGHER, *et al.*,

               Defendants.

CASE NO. 3:18-cv-05736-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  February 28, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  Before the Court is defendants' motion to dismiss.  Dkt. 70.

Finding plaintiff's complaint deficient on five previous occasions, this Court repeatedly explained the governing law, described the specific deficiencies in each of the prior complaints, and permitted plaintiff leave to amend to cure the deficiencies.  Dkts. 8, 15, 20, 57, 66. Plaintiff has now amended his complaint six times (Dkts. 6, 9, 16, 21, 61, 64, 68).  But the problems persist.

1    The Court now recommends that all claims be dismissed with prejudice and without

2    leave to amend, except plaintiff's Eighth Amendment claim against defendant Burgher.  The

3    Court declines to recommend dismissal of that claim because under the liberal construction the

4    Court must accord to a *pro se* civil rights complaint at the pleading stage, the undersigned

5    concludes that plaintiff has alleged facts sufficient to proceed with that claim.  Accordingly, the

6    Court recommends that defendants' motion be granted in part and denied in part.

7                           **BACKGROUND AND PROCEDURAL HISTORY**

8    Plaintiff is a prisoner at Stafford Creek Correctional Center ("SCCC") and is proceeding

9    *pro se* and *in forma pauperis*.  Plaintiff alleges that defendants, who are staff members at SCCC,

10   failed to provide adequate medical treatment, failed to protect plaintiff, failed to address

11   plaintiff's grievances, violated plaintiff's right to access the courts, violated plaintiff's rights to

12   due process and equal protection and violated the Americans with Disabilities Act ("ADA"), 42

13   U.S.C. § 12131.

14   Plaintiff initiated this case on September 10, 2018.  Dkt. 1.  This Court screened

15   plaintiff's original complaint and his next two amended complaints and found them defective; in

16   each of its three orders, the Court explained the deficiencies and gave plaintiff leave to amend.

17   Dkts. 8, 15, 20.  The Court ordered service of the third amended complaint and defendants

18   moved to dismiss.  Dkts. 21, 44, 45.  This Court determined on that occasion that only the Eighth

19   Amendment claim against defendant Burgher stated a claim upon which relief could be granted

20   and recommended that defendants' motion be granted as to all remaining claims, but gave

21   plaintiff leave to amend most of those claims.[1]  Dkt. 57.  The District Court adopted this Court's

22

23          [1] This Court recommended, and the District Court ordered, that two claims—against
     defendant Burgher for failing to wake plaintiff up for work and against defendants Cardwell,
24   Casey, Gilbert, Haynes and Tornquist for failing to properly process grievances—be dismissed

REPORT AND RECOMMENDATION - 2

1    Report and Recommendation (Dkt. 60); however, plaintiff filed a fourth amended complaint

2    before the District Court had so ruled.  Dkt. 61.  Defendants filed a motion for a more definite

3    statement (Dkt. 62), and before this Court ruled on the motion, plaintiff filed a fifth amended

4    complaint.  Dkt. 64.  The undersigned granted the motion for a more definite statement and,

5    noting that the fifth amended complaint suffered from similar defects as the previous complaints,

6    gave plaintiff leave to file another amended complaint.  Dkt. 66, at 5.

7        Plaintiff filed his sixth amended complaint (the "Complaint") on December 3, 2019,

8    which is now the operative complaint.  Dkt. 68.  The Complaint, although varying from its

9    predecessors in some ways (such as the deletion of some defendants, elimination of some claims

10    and the apparent addition of ADA claims) remains substantially unchanged.  Dkts. 21, 68.

11        Defendants have filed a motion to dismiss the Complaint, and the moving papers and a

12    notice of dispositive motion have been served on plaintiff.  Dkts. 70, 70-1, 72.  Defendants argue

13    that plaintiff has failed to state a claim upon which relief can be granted, and that they are

14    entitled to qualified immunity.  Dkt. 70.

15                              **MATERIALS FOR CONSIDERATION**

16        Plaintiff attached exhibits to the Complaint, including several grievances, kites and

17    medical records, which may be considered in a motion to dismiss.  *See Gumataotao v. Dir. of*

18    *Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001).

19        On January 3, 2020, plaintiff filed a document entitled "motion to suspend the rules and

20    grant the fifth (sic) amended complaint.  Dkt. 74.  Defendants construed this document as

21    plaintiff's response to their motion and filed a reply to it on January 9, 2020.  Dkt. 75.  On

22

23    _____

24    without leave to amend because the claims failed as a matter of law and amendment could not

    cure them.  Dkt. 57, at 27.

1    January 17, 2020, plaintiff filed a document entitled "motion to appeal the motion to dismiss by

2    defendants and pass the fifth (sic) amended complaint." Dkt. 76. Although this document could

3    be construed as be an unauthorized surreply, defendants have not objected to it, and the Court

4    will consider it.

5                              **PLAINTIFF'S ALLEGATIONS**

6            The Complaint contains few factual allegations, consisting primarily of legal jargon and

7    conclusions. Plaintiff's claims are summarized below in descending order of their level of

8    factual detail.

9            Plaintiff's best developed claim alleges that he fell from the top bunk of his cell, landing

10   on his head on the concrete floor, and was unconscious for approximately 15 minutes. Dkt. 68,

11   at 4. Plaintiff alleges that defendant Burgher came to his door and asked if plaintiff was going to

12   work; after plaintiff explained that he had just fallen onto his head from the top bunk, defendant

13   Burgher "walked away." *Id.* Plaintiff then "stumbled" to the rest room and "started shak[ing]"

14   when he returned to his cell. *Id.* at 4–5. Plaintiff found defendant Burgher sleeping and

15   requested that he call medical. *Id.* at 5. Defendant Burgher picked up the phone, stated that no

16   one was there and instructed plaintiff to "try next shift." *Id.* Plaintiff returned to his cell and

17   asked his cellmate to get help from a different officer. *Id.* When plaintiff was ultimately seen by

18   medical, four hours after his fall, the non-defendant medical employee who saw plaintiff

19   informed him that "no one called, and someone is always there." *Id.* Plaintiff was given

20   medication and an ace bandage. *Id.* Plaintiff claims that he has suffered, among other things,

21   recurring head pain, concussion, traumatic brain injury, pain in various parts of his body, and

22   various additional symptoms including blood and ringing in his ears, double vision, coughing up

23

24

REPORT AND RECOMMENDATION - 4

1    blood and numbness.  *Id*.  Plaintiff asserts that defendant Burgher's conduct violated his Eighth

2    Amendment rights.  *Id*. at 4.

3            Plaintiff's second set of factual allegations asserts that defendant Lystad saw plaintiff

4    during sick call and refused a C.T. scan notwithstanding his continuing pain.  Dkt. 68, at 6.

5    Instead, defendant Lystad would only provide an x-ray.  *Id*.  Plaintiff alleges that defendant

6    Lystad violated his Eighth Amendment rights.  *Id*.

7            Third, plaintiff alleges that defendant Jones violated the Eighth and Fourteenth

8    Amendments by "trying to coerce [plaintiff ]to si[g]n a statement" that he had not declared a

9    medical emergency—which plaintiff refused to sign.  Dkt. 68, at 7.  Plaintiff alleges that

10   defendant Jones "took advantage" of his concussed state.  *Id*.

11           Fourth, plaintiff alleges that defendants Bennett and Sharp violated his right to access the

12   federal court. Dkt. 68, at 8.  Plaintiff alleges that defendant Bennett "mainly" helps inmates that

13   are non-white with their legal matters and would not assist plaintiff, and that defendant Sharp

14   would not report this issue to defendant Haynes.  *Id*.

15           Finally, plaintiff alleges vague constitutional violations by the remaining defendants, but

16   provides little or no discussion of their alleged conduct.  Plaintiff asserts that:

17   •   defendant Gilbert violated the Eighth and Fourteenth Amendments and the ADA

18       by failing to supervise her staff and to address plaintiff's grievances.  Dkt. 68, at

19       7.  The grievance processing portion of this claim has already been dismissed

20       without leave to amend.  Dkt. 57, at 27.

21   •   defendant Casey took "advantage" of plaintiff in light of his "medical issues" and

22       defendants Casey and Jolly authorized plaintiff's placement in "f unit" knowing

23       he was concussed (Dkt. 68, at 5, 7);

24

REPORT AND RECOMMENDATION - 5

1

2

3

4

5

6

- defendants Thrasher and Tornquist "failed to protect" plaintiff from an unstated harm (Dkts 68, at 6, 7, 8), and defendant Tornquist told plaintiff to "keep [his] mouth shut" (Dkt. 68, at 7);

- defendants Cardwell and Haynes "failed to inform the superintendent of the issues" (a claim that was previously dismissed without leave to amend (Dkt. 57, at 22–23)) and "failed to protect" plaintiff from unstated harm (Dkt. 68, at 6).[2]

7

**STANDARD OF REVIEW**

8

9

10

A motion to dismiss can be granted only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

11

12

13

14

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

15

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

16

17

18

19

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

20

21

22

23

24

---

[2] The Complaint does not name, and makes no allegations regarding, defendants Cotton, Hertzog, Corder and Walden, who were named as defendants in plaintiff's prior complaints. Plaintiff has therefore waived any claims against them and they have been terminated as defendants.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacy v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

1    However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me

2    accusation." *Iqbal*, 556 U.S. at 678.

3        While the Court must accept all the allegations contained in the complaint as true, the

4    Court does not have to accept a "legal conclusion couched as a factual allegation." *Iqbal*, 556

5    U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere

6    conclusory statements, do not suffice." *Id.*; *Jones v. Cmty. Dev. Agency*, 733 F.2d 646, 649 (9th

7    Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

8    section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

9        Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his

10   complaint. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992), *overruled on other grounds WMX*

11   *Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, "district courts are only

12   required to grant leave to amend if a complaint can possibly be saved"; leave amend is not

13   required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

14   2000). Moreover, the court need not grant endless amendments. *Foman v. Davis* 371 U.S. 178,

15   182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by

16   amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir.

17   2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in

18   deciding subsequent motions to amend is particularly broad." (citation and internal quotation

19   marks omitted)). *Ibeabuchi v. Penzone*, 744 Fed.Appx. 448, 449 (9th Cir. 2018) (no abuse of

20   discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure

21   previously identified deficiencies despite the opportunity to do so). [3]

22

23   ───────────────

24   [3] Although unpublished decisions of the Ninth Circuit are not binding on this court, they
     have persuasive value and indicate how the Ninth Circuit applies binding authority.

**DISCUSSION**

To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendants' conduct must have deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286–87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390–91 (9th Cir. 1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

## I.    Defendant Burgher

Plaintiff alleges that defendant Burgher violated his Eighth Amendment rights when plaintiff fell head first from the top bunk of his cell and defendant Burgher failed to call for medical assistance after plaintiff requested help. Dkt. 68, at 4-5.

To establish an Eighth Amendment claim due to inadequate medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, the claim has two elements:  (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059.

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

1   doctor or patient would find important and worthy of comment or treatment; the presence of a

2   medical condition that significantly affects an individual's daily activities; or the existence of

3   chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

4   medical treatment." *Id.* at 1059-60.

5       If a plaintiff shows that he suffered from a serious medical need, he must then show that

6   the prison official responded with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825,

7   834 (1970). Deliberate indifference to a prisoner's serious medical need requires "a purposeful

8   act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words,

9   "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible

10  medical need." *Id.* A prison official, accordingly, will not be found deliberately indifferent to a

11  prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to

12  inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts

13  from which the inference could be drawn that a substantial risk of serious harm exists, and he

14  must also draw the inference." *Id.* Deliberate indifference may exist when prison officials

15  "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in

16  which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1059 (internal quotations

17  and citations omitted).

18      Here, plaintiff alleges a 3:30 a.m. fall to the concrete floor from the height of a top bunk,

19  in which he landed directly on his head. Dkt. 68, at 4-5. Plaintiff describes himself as

20  "stumbling" and "shak[ing]." Plaintiff alleges that defendant Burgher initially "walked away"

21  when plaintiff reported his fall. Dkt. 68, at 4. When plaintiff attempted to get help a second

22  time, defendant Burgher allegedly pretended to call medical but did not actually do so. Dkt. 68,

23  at 5. As this Court has previously determined, these allegations sufficiently allege a serious

24

1  injury and defendant Burgher's deliberate indifference in failing to provide medical assistance.

2  *See* Dkt. 8, at 4; Dkt. 15, at 4; Dkt. 57, at 8.

3        Defendants argue that plaintiff's claim should be dismissed because defendant Burgher's

4  failure to act was merely an "isolated" instance of neglect and not deliberate indifference.  Dkt.

5  70, at 10.  However, defendants' authorities do not support this same conclusion in this case.  In

6  *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990), the factual issue before the court was

7  decided after a full trial; moreover, on appeal, two of the three panel judges concluded that

8  defendants' actions "did amount to deliberate indifference."  900 F.2d at 1334, 1336 (Hug, J.,

9  concurring and Reinhardt, J., dissenting in part).  In *Toussaint v. McCarthy*, 801 F.2d 1080 (9th

10  Cir. 1986), the factual underpinnings of the case were the subject of "protracted, complex

11  litigation" that had proceeded through multiple phases of fact-finding and resulted in a

12  permanent injunction.  801 F.2d at 1085, 1088.  Neither court applied the liberal standard that

13  governs at this early stage of the proceedings.

14        Finally, defendants cite *O'Loughlin v. Doe,* 920 F.2d 614 (9th Cir. 1990)*,* where the court

15  considered the denial of *in forma pauperis* status to a prisoner who had abusively filed numerous

16  section 1983 actions; the court found that plaintiff's bare allegation that he was denied aspirins

17  and antacids was "frivolous" and justified the denial.  920 F.2d at 617.  Here, in contrast,

18  plaintiff has alleged that he sustained a hard fall directly onto his head and continues to suffer

19  serious pain and consequences, including concussion, traumatic brain injury and bleeding.  Dkt.

20  68, at 5.  This Court cannot conclude at this stage of the litigation that plaintiff's allegations with

21  respect to defendant Burgher are frivolous; therefore, this claim should not be dismissed.

22        At this stage, the Court must liberally construe the Complaint, and plaintiff need only

23  plead sufficient facts for the Court to find it "plausible" that defendant Burgher was deliberately

24

1    indifferent to his medical needs. *See Iqbal*, 556 U.S. at 681. Although plaintiff's claim might

2    not survive the higher standard applicable to a motion for summary judgment, under the

3    governing standard at this point in the proceedings, plaintiff has sufficiently alleged facts for the

4    court to conclude that there is more than a mere possibility that defendant Burgher violated

5    plaintiff's Eighth Amendment rights. *See Twombly,* 550 U.S. at 545. Thus, the Court

6    recommends that defendants' motion to dismiss this claim be denied.

7    **II.    Defendant Lystad**

8        Plaintiff has failed to correct his flawed allegations against defendant Lystad. Like

9    plaintiff's prior complaints, the Complaint alleges no more than a difference in medical opinion

10    between plaintiff and defendant Lystad regarding the necessity of a CT scan. Dkt. 68, at 6. As

11    this Court has previously instructed plaintiff, this is insufficient to state an Eighth Amendment

12    claim. Dkt. 57, at 17–18; *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060

13    (9th Cir. 2004). Plaintiff's claims against defendant Lystad should be dismissed. Because

14    plaintiff has had six opportunities to correct his deficient allegations and has failed to do so, the

15    Court recommends that the claims be dismissed with prejudice and without leave to amend.

16    *Chodos*, 292 F.3d at 1003.

17    **III.    Defendant Jones**

18        Plaintiff has added to his previous allegations regarding defendant Jones. While

19    plaintiff's prior complaint alleged no actions by defendant Jones, plaintiff now alleges that Jones

20    violated the Eighth and Fourteenth Amendments by twice "trying to coerce" plaintiff to sign a

21    statement that plaintiff did not "declare a medical emergency." Dkt. 68, at 7. Plaintiff asserts

22    that defendant Jones' requests attempted to take advantage of plaintiff's "concussion state." *Id.*

23    Notably, plaintiff also alleges that he did not sign the requested statement. *Id.*

24

1    Plaintiff's allegations fail to state a claim under the Eighth or Fourteenth Amendments.

2  First, plaintiff did not sign the requested statement, so there is no allegation that he has been

3  harmed.  Dkt. 68, at 7.  Second, there is no discernible link between the alleged conduct and any

4  deliberate indifference to plaintiff's health or safety on the part of defendant Jones.  *Farmer v.*

5  *Brennan*, 511 U.S. 825, 837 (1970) (prison official does not violate the Eighth Amendment

6  "unless the official knows of and disregards an excessive risk to inmate health or safety");

7  *Arnold*, 637 F.2d at 1355 (plaintiff must allege facts showing how individually named

8  defendants caused, or personally participated in causing, the harm alleged in the complaint).

9    Finally, plaintiff's assertion that Jones' conduct violates his right to equal protection fails

10  to state a claim.  Plaintiff alleges only that "this has happened to other inmates."  Dkt. 68, at 7.

11  This bare allegation lacks any of the required elements of an equal protection claim:  that

12  plaintiff "was treated in a manner inconsistent with others similarly situated, and that the

13  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

14  membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th

15  Cir. 2005) (internal quotations omitted).  Prisoners are not a protected class for equal protection

16  purposes.  *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  Alleging that others

17  have been treated the same is not the same as alleging that he is being treated differently based

18  on his membership in a protected class.  Dkt. 68, at 7.

19    Because plaintiff's claims against defendant Jones "lack[ ] merit entirely," the Court

20  recommends that they be dismissed with prejudice and without leave to amend.  *Lopez v. Smith*,

21  203 F.3d at 1129.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.    Defendants Bennett and Sharpe

Plaintiff's previous deficient allegations against defendants Bennett and Sharpe are unchanged (except to eliminate harassment claims against defendant Bennett). Dkt. 21 at 8; Dkt. 68 at 8. Plaintiff's access to the courts claim remains wholly conclusory and alleges no actual injury from any alleged denial of access to the courts. This is fatal to his claim. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Plaintiff has failed to state an equal protection claim against these defendants, as well. He alleges only that defendant Bennett "helps many inmates that are non-white," and has added that she "discriminates." Dkt. 68, at 8. Plaintiff's conclusory statement, without any demonstration of discriminatory purpose or intent, is insufficient to state a claim. *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003) (plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class"); *Jones*, 733 F.2d at 649 (vague and conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

The Court previously advised plaintiff of these very defects, and he has failed to remedy them. Dkt. 57, at 14–16. Accordingly, the Court recommends that that plaintiff's claims be dismissed with prejudice and without further leave to amend.

### V.    Defendant Gilbert

Plaintiff's defective allegations against defendant Gilbert also remain unchanged, except that plaintiff has added a conclusory statement that she violated the ADA. Dkt. 68, at 7.

A. *Previously Dismissed Claims*

The Court has already dismissed plaintiff's Fourteenth Amendment claim against defendant Gilbert for failing to process grievances, without leave to amend. Dkt. 57, at 22. The Complaint cannot resuscitate this claim.

Plaintiff has also failed to provide any additional factual basis for the two additional claims against defendant Gilbert that the Court permitted him to amend. First, plaintiff alleges no facts to support his wholly conclusory statement that defendant Gilbert violated the Eighth Amendment by not supervising her staff correctly. Dkt. 68, at 7. *See Jones*, 733 F.2d at 649 (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Second, as plaintiff was previously informed, a supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. Dkt. 57, at 23; *citing Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Because plaintiff has already been advised of the defects in both of these claims and has failed to correct them, the Court recommends that Eighth Amendment and supervisory liability claims be dismissed with prejudice and without leave to amend.

B. *ADA Claim*

Plaintiff's newly added reference to the ADA, also unsupported by any explanation of how defendant Gilbert violated that statute, likewise fails to state a claim. Title II of the ADA prohibits a public entity from discriminating against a qualified disabled individual on the basis of disability. 42 U.S.C. § 12132; *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). To state a claim of disability discrimination under Title II, plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate

1   in or to receive the benefit of some public entity's services, programs, or activities; (3) he was

2   either excluded from participation in or denied the benefits of the public entity's services,

3   programs, or activities, or was otherwise discriminated against by the public entity; and (4) such

4   exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

5   *Weinreich*, 114 F.3d at 978.

6       Plaintiff has not alleged any benefit that he was qualified to receive, but was excluded

7   from receiving, by reason of any identified disability.  He has therefore failed to state a claim for

8   violation of the ADA.  Furthermore, the proper defendant in an ADA action is the public entity

9   responsible for the alleged discrimination.  *United States v. Georgia*, 546 U.S. 151 at 153 (2006);

10  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus, defendant Gilbert, who is sued in

11  her individual capacity, is not a proper defendant.

12       Even if plaintiff were granted leave to amend to assert an ADA claim against defendant

13  Gilbert in her official capacity, his claim would remain devoid of any facts that would support

14  liability.  Because the ADA claim "lacks merit entirely," the Court recommends that it be

15  dismissed with prejudice and without leave to amend.  *Lopez*, 203 F.3d at 1129.

16      **VI.    Defendant Jolley**

17       Plaintiff's allegation regarding defendant Jolly is unchanged from the prior complaint:

18  plaintiff states only that defendant Jolly violated the Eighth Amendment by "auth[o]rising me to

19  be thrown in F unit with a medical concussion."  Dkt. 68, at 7.  *See also* Dkt. 21 at 5.  The Court

20  previously notified plaintiff that this allegation was not cognizable under the Eighth Amendment

21  and did not contain sufficient facts to allege a due process claim under the Fourteenth

22  Amendment.  Dkt. 57, at 18.  Plaintiff has failed to allege facts establishing that the conditions of

23  his segregation amounted to an atypical or significant hardship, nor has he established that he did

24

REPORT AND RECOMMENDATION - 15

1    not receive sufficient due process—that is, information of the charges against him and an

2    opportunity to present his views.[4]  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Toussaint*, 801

3    F.2d at 1100.

4        Plaintiff has not corrected his deficient allegations, despite being informed of their

5    shortcomings and provided an opportunity to amend.  The Court therefore recommends that the

6    claims against defendant Jolley be dismissed with prejudice and without leave to amend.

7    **VII.    Defendant Casey**

8        Plaintiff's allegations against defendant Casey remain conclusory and fail to state a

9    cognizable claim.

10        First, plaintiff alleges that defendant Casey "took advantage" of him "knowing [he] had

11    medical issues."  Dkt. 68, at 5.  Plaintiff claims, based upon this statement, that defendant Casey

12    violated the Eighth Amendment and the ADA.  This conclusory allegation establishes none of

13    the elements necessary to state a cognizable claim under either theory.  *See Farmer*, 511 U.S. at

14    841 (plaintiff must establish prison officials demonstrated deliberate indifference to conditions

15    posing a substantial risk of serious harm); *Weinreich*, 114 F.3d at 978 (plaintiff must establish

16    that a public agency excluded him from a public program for which he was eligible by reason of

17    his disability).  Plaintiff's bare allegation that defendant Casey "took advantage of him" is

18    insufficient.  *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned,

19    the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a

20    claim for relief, "[f]actual allegations must be enough to raise a right to relief above the

21    speculative level").

22

23        [4] Indeed, several of the exhibits plaintiff attached to plaintiff's response indicate that he
     received a disciplinary hearing at which he provided his own statement and that of a witness, and
24    that he had an opportunity to appeal the determination.  Dkt. 74 at 20–25.

1    Plaintiff also adds an allegation (substantially similar to the claim discussed above with

2    respect to defendant Jolly) that defendant Casey "authoriz[ed] staff to place me in f unit on

3    manufactured evidence." Dkt. 68, at 5.  As discussed above, to the extent that plaintiff seeks to

4    allege that the process used to assign him to "F unit" was insufficient, he has failed to set forth

5    facts that state a Fourteenth Amendment claim.  *Sandin*, 515 U.S. at 484 (1995); *Toussaint,* 801

6    F.2d at 1100.

7    Because plaintiff's claims against defendant Casey continue to lack merit after multiple

8    opportunities to amend, the Court recommends that they be dismissed with prejudice and without

9    leave to amend.

10    **VIII.   Defendant Thrasher**

11    Plaintiff's allegation against defendant Thrasher states only legal conclusions:

12    Tim Thr[a]sher violate the 8th Amendment failure to 'protect' or case in point in
       which the Supreme Court expanded on the guidelines for cruel and unusual
13    punishment for inmates who are relegated to segregation confinement in a prison
       or in a[n] isolation cell is a form of punishment subject to scrutiny under the Eighth
14    Amendment.

15    Dkt. 68, at 8.  Plaintiff also submitted an exhibit with his response to defendants' motion, which

16    states only that Thrasher was "served by a U.S. court." Dkt. 74, at 23.   Neither the Complaint

17    nor plaintiff's exhibit contains any statement of what defendant Thrasher did, how it violated

18    plaintiff's constitutional rights, or what specific injury plaintiff suffered as a result of the action.

19    *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).   The Court advised plaintiff that he must

20    allege facts demonstrating that each defendant personally caused a constitutional violation.  Dkt.

21    70, at 17.  Plaintiff has failed to do so, after being afforded multiple opportunities to amend.

22    Accordingly, the Court recommends that the claims against defendant Thrasher be dismissed

23    with prejudice and without leave to amend.

24

1

## IX.    Defendant Tornquist

2      The allegations against defendant Tornquist are equally sparse.  Plaintiff alleges:  "Caleb

3  Tornquist violated [the] Eighth Amendment and the 1st Amendment.  Telling me to keep my

4  mouth shut.  Failed to protect."  Dkt. 68, at 7.  Plaintiff also submitted exhibits that (as with

5  defendant Thrasher) state that defendant Tornquist was "served by a U.S. court," but which do

6  not set forth any actions or conduct by defendant Tornquist.  Dkt. 74, at 21, 23.  These

7  allegations do not state a cognizable Eighth Amendment claim:  plaintiff must, and does not,

8  demonstrate that defendant Tornquist was deliberately indifferent to conditions posing a

9  substantial risk of serious harm to plaintiff.  *Farmer*, 511 U.S. at 834.

10      To the extent that plaintiff seeks to allege a First Amendment claim, these allegations are

11  also inadequate.  "Within the prison context, a viable claim of First Amendment retaliation

12  entails five basic elements:  (1) An assertion that a state actor took some adverse action against

13  an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

14  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

15  legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Even

16  if an isolated instruction to "shut your mouth" could be construed as adverse action, plaintiff has

17  not identified any protected conduct, does not state that his exercise of his First Amendment

18  rights have been chilled, and does not state how the command failed to reasonably advance a

19  legitimate penological goal.  Plaintiff's vague and conclusory allegations are insufficient to state

20  a section 1983 claim.  *Jones*, 733 F.2d at 649.

21      Because plaintiff has been afforded numerous opportunities to allege facts sufficient to

22  support a claim against defendant Tornquist and has failed to do so, the Court recommends that

23  the claims be dismissed with prejudice and without leave to amend.

24

1

## X.    Defendants Cardwell and Haynes

2      Plaintiff's claims against defendants Cardwell and Haynes are substantially unchanged

3 from the prior complaint.  Dkt. 21, at 9; Dkt. 68, at 6.  Plaintiff's claims against both defendants

4 for failing to address issues he had raised—which are repeated again in the Complaint—were

5 previously dismissed by the Court without leave to amend, Dkt. 57, at 22–23.

6      Plaintiff appears to recharacterize the same claims as Eighth Amendment and equal

7 protection claims.  Dkt. 68, at 6 (defendant Cardwell "violated the Eighth Amendment … by not

8 informing the superintendent of my issues and "also violated … equal protection"; defendant

9 Haynes "violated the Eighth Amendment … and also violated the 14th Amendment equal

10 protections for not acting.").  Plaintiff's claims for failing to act on his grievances are simply not

11 cognizable under the Eighth Amendment or the Fourteenth Amendment's equal protection

12 clause:  they identify no danger to plaintiff and contain no allegation whatever of discrimination.

13 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14 statements, do not suffice" to state a claim.  *Iqbal*, 556 U.S. at 678.

15      Plaintiff's claims against defendants Cardwell and Haynes fail as a matter of law and

16 should be dismissed with prejudice and without leave to amend.  *Lopez*, 203 F.3d at 1129.

17 **XI.    Claims Newly Asserted in Exhibits to Plaintiff's Responses**

18      Finally, plaintiff has submitted two responses to defendants' motion to dismiss, which

19 attach additional exhibits in which plaintiff contests his treatment by non-party medical providers

20 for a sinus infection, as well as the co-pay charged for the sick call visits.  Dkt. 74, at 10, 12–17,

21 19, 28–30, Dkt. 76, at 7–10.  Plaintiff also attaches documents appearing to protest a search of

22 his cell by non-party officers.  Dkt. 74, at 20–23.

23

24

1    To the extent that plaintiff attempts to raise new constitutional claims against new parties

2    by virtue of these exhibits, plaintiff is advised he must do so by filing a separate complaint.

3    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (amended complaint may not change the

4    nature of a suit by alleging new, unrelated claims); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of

5    defendants not permitted unless both commonality and same transaction requirements are

6    satisfied).

7    **XII.    Qualified Immunity**

8    Because the Court recommends dismissal of all claims and defendants other than the

9    Eighth Amendment claim against defendant Burgher, it need not address any other defendant's

10    claim to qualified immunity.  The following discussion pertains to defendant Burgher only.

11    "[G]overnment officials performing discretionary functions [are entitled to] qualified

12    immunity, shielding them from civil damages liability as long as their actions could have

13    reasonably been thought consistent with the rights they are alleged to have violated." *Anderson*

14    *v. Creighton*, 483 U.S. 635, 638 (1987).  The first step in the qualified immunity analysis is

15    whether the facts "[t]aken in the light most favorable to the party asserting the injury … show

16    [that] the [defendant's] conduct violated a constitutional right[.]" *See Saucier v. Katz*, 533 U.S.

17    194, 201 (2001).

18    The second step is whether the right was clearly established at the time of the alleged

19    violation.  *Id.*  When identifying the right that was allegedly violated, a court must define the

20    right more narrowly than the constitutional provision guaranteeing the right, but more broadly

21    than all of the factual circumstances surrounding the alleged violation.  *See Watkins v. City of*

22    *Oakland, Cal.*, 145 F.3d 1087, 1092–93 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979–80

23    (9th Cir. 1996), *abrogated in part on other grounds*, *Gordon v. Cnty. of Orange*, 888 F.3d 1118

24

1    (9th Cir. 2018); *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995); *Camarillo v. McCarthy*, 998

2    F.2d 638, 640 (9th Cir. 1993).

3          As discussed above, assuming all allegations in the complaint are true (as the court must

4    at this stage), plaintiff has sufficiently alleged that defendant Burgher violated plaintiff's Eighth

5    Amendment rights.  Thus, the Court proceeds to determining whether the contours of the right

6    were clearly established.  *See Saucier*, 533 U.S. at 201.  Here, plaintiff alleges that he sought

7    medical attention after sustaining a direct blow to his head during a fall onto the concrete floor

8    from the height of an upper bunk; plaintiff further asserts that defendant Burgher refused to

9    summon aid, instead instructing plaintiff to wait until the "next shift." Dkt. 68, at 4–5, 68.  It is

10   "clearly established that the officers [may] not intentionally deny or delay access to medical

11   care." *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002).  *See also Ortiz v. City of Imperial*,

12   884 F.2d 1312, 1314 (9th Cir. 1989) (medical personnel violated Eighth Amendment by failing

13   to properly address plaintiff's head injury after a fall); *Harrison v. Sample*, 359 F. App'x 893,

14   894–95 (9th Cir. 2009) ("it would be clear to a reasonable officer that delaying access to medical

15   treatment in a medical emergency is unlawful."); *Scalia v. Cty. of Kern*, No. 1:17-cv-01097-LJO-

16   SKO, 2019 WL 4243225, at *6 (E.D. Cal. Sept. 6, 2019) (plaintiff's right to appropriate medical

17   care after fall from her bunk onto concrete was "clearly established.").  The facts, as alleged at

18   this stage of the proceedings, present a clearly established right to medical attention after an

19   allegedly serious accident.

20         Therefore, a determination on qualified immunity is not appropriate at this stage of the

21   proceedings.  The Court recommends that defendant Burgher's motion to dismiss on the basis of

22   qualified immunity be denied.

23

24

1

**CONCLUSION**

2      For the reasons set forth above, the Court recommends that defendants' motion to dismiss

3   be granted in part and denied in part:  all parties and all claims except for plaintiff's Eighth

4   Amendment claim against defendant Burgher should be dismissed with prejudice and without

5   leave to amend.

6      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

8   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

9   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

10  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

11  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit

12  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 28,

13  2020 as noted in the caption.

14      Dated this 13th day of February, 2020.

15

16

17

18   J. Richard Creatura
     United States Magistrate Judge

19

20

21

22

23

24