UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT W. HUMPHREYS,

          Plaintiff,

    v.

LUKE BURGHER,

          Defendant.

CASE NO. 3:18-cv-05736-RJB-JRC

ORDER

      Before the Court is plaintiff's "motion for oversight." Dkt. 82. Defendants filed a response, Dkt. 83, and plaintiff filed a reply, Dkt. 85.

      In his motion, plaintiff requests "further investigation" of his Eighth Amendment claim. Dkt. 82 at 1-3. Plaintiff also submits attachments related to his medical care in 2019 and 2020 in which plaintiff seeks treatment for a sinus infection, dry skin, stomach pain, and dental pain. Dkt. 82 at 5-8, 14-17, 22-23; Dkt. 84 (supplement). In his reply, plaintiff appears to ask for judgment on his complaint. *See* Dkt. 85.  While the Court finds it difficult to determine the exact relief

ORDER - 1

sought by plaintiff, it appears to be an attempt to amend his complaint or add new allegations against new defendants. *See* Dkt. 82.

As a matter of course, a party may amend its pleading once within 21 days of serving it or, if it is a pleading requiring a response, within 21 days after service of the response. Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with . . . the court's leave." *Id*. (a)(2). Pursuant to local rule, when amending a pleading, the party "must attach a copy of the proposed amended pleading as an exhibit to the motion [to amend]" and the amended pleading "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15.

Here, plaintiff has a filed a motion and attachments which appear to list additional defendants and allegations and asks the Court to provide oversight. Dkt. 82, 84. However, plaintiff has not included a proposed amended complaint laying out any amended allegations, and he does not include sufficient allegations in his motion for the Court to interpret it as a proper proposed amended complaint. Thus, plaintiff has not properly moved to amend his complaint. *See* LCR 15.

Moreover, even if plaintiff had properly moved to amend his complaint, any new claims raised in the amended complaint must relate to the allegations contained in the operative complaint (Dkt. 68). Plaintiff's motion and attachments detail his recent medical treatment, but the only remaining claim in this case is against defendant Burgher wherein plaintiff alleges that defendant Burgher failed to provide medical treatment after plaintiff fell off his cell bunk in 2016. Dkt. 68, 82 84. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to

ORDER - 2

1 | 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the
2 | required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).
3 | Thus, plaintiff may not change the nature of his suit by adding new, unrelated claims in his
4 | amended complaint. *Id*. (no "buckshot" complaints).
5 |     Therefore, the Court denies plaintiff's motion without prejudice.
6 |     Dated this 4th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3